[Cite as *State v. Spencer*, 2024-Ohio-59.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

STATE OF OHIO,                    :

    Plaintiff-Appellee,          :      Case No. 22CA4000
                                        22CA4001
    v.                           :

OSHNAYA V. SPENCER,[1]              :      DECISION AND JUDGMENT ENTRY

    Defendant-Appellant.         :

_____

APPEARANCES:

Karyn Justice, Portsmouth, Ohio, for appellant.[2]

Shane A. Tieman, Scioto County Prosecuting Attorney, and Matthew
F. Loesch, Scioto County Assistant Prosecuting Attorney,
Portsmouth, Ohio, for appellee.

_____
CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:1-3-24
ABELE, J.

    **{¶1}** This is a consolidated appeal from two Scioto County
Common Pleas Court judgments of conviction and sentence. In one
case, the trial court found Oshnaya V. Spencer, defendant below and
appellant herein, guilty of seven criminal offenses and sentenced
her to serve a combined three years and three months in prison. In

_____

    [1] The record contains multiple spellings of appellant's
first name. At the change of plea hearing, appellant stated
that her first name is spelled Oshonya. We, however, have used
the name that appears on the trial court's judgment entry in
case number 21CR270(A).
    [2] Different counsel represented appellant during the trial
court proceedings.

the other case, the trial court found (1) appellant guilty of six criminal offenses, (2) sentenced her to serve a combined four years and nine months in prison, with four years mandatory, and (3) ordered appellant to pay a $5,000 fine, and costs of prosecution and any other fees permitted.  The court further ordered the prison sentences imposed in each case to be served consecutively to each other for an aggregate prison term of eight years to an indefinite prison term of up to ten years, with four years mandatory.

{¶2} Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE COURT ERRED WHEN IT IMPOSED FINANCIAL
SANCTIONS AGAINST MS. SPENCER."

SECOND ASSIGNMENT OF ERROR:

"THE COURT IMPROPERLY SENTENCED MS. SPENCER TO
SERVE CONSECUTIVE TERMS."

{¶3} On June 9, 2021, a Scioto County Grand Jury returned an indictment that charged appellant with seven criminal offenses: (1) trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a third-degree felony; (2) possession of cocaine, in violation of R.C. 2925.11(A), a third-degree felony; (3) possession of marijuana, in violation of R.C. 2925.11(A), a fifth-degree felony; (4) trafficking in marijuana, in violation of R.C. 2925.03(A)(2), a fourth-degree felony; (5) identity fraud, in violation of R.C. 2913.49(B)(2), a fifth-degree felony; (6) possessing criminal

tools, in violation of R.C. 2923.24(A), a fifth-degree felony; and (7) conspiracy, in violation of R.C. 2923.01(A)(2), a fourth-degree felony.

{¶4} On November 2, 2021, a Scioto County Grand Jury returned another indictment that charged appellant with: (1) aggravated trafficking in drugs, a second-degree felony, in violation of R.C. 2925.03(A)(1), (2) aggravated possession of drugs, a second-degree felony, in violation of R.C. 2925.11(A), (3) trafficking in cocaine, a fifth-degree felony, in violation of R.C. 2925.03(A)(1), (4) possession of cocaine, a fifth-degree felony, in violation of R.C. 2925.11(A), (5) possession of drugs, a first-degree misdemeanor, in violation of R.C. 2925.11(A), and (6) possession of marijuana, a minor misdemeanor, in violation of R.C. 2925.11(A).

{¶5} Appellant later agreed to plead guilty to all thirteen counts of the two indictments and the trial court found appellant guilty as charged.

{¶6} At the sentencing hearing, the trial court merged several offenses. In the first case, Case No. 21CR270(A), the court merged: (1) counts one (cocaine trafficking), two (cocaine possession), and seven (conspiracy), and (2) counts three (marijuana possession) and four (marijuana trafficking). The state elected to proceed to sentencing on counts one and four.

{¶7} In the second case, Case No. 21CR780(A), the trial court merged: (1) counts one (aggravated drug trafficking) and two

(aggravated drug possession), and (2) counts three (drug trafficking) and four (cocaine possession). The state elected to proceed to sentencing on counts one and three.

{¶8}  The trial court asked the prosecutor if the state had a "position on the mandatory drug fine in case number 21CR780." The prosecutor responded that the state "stipulate[d] to [appellant's] indigence for the purpose of" the mandatory fine in Case No. 21CR780(A). The court said it would "accept the stipulation of the parties and not impose a fine in that matter – in that charge."

{¶9}  Later, during the sentencing hearing, the trial court addressed appellant's co-defendant, her daughter, Elisha Spencer. The court stated that it would impose "a discretionary fine of $5,000.00" on count one of Elisha's indictment, then stated that it would "impose no fines on Ms. Elisha Spencer." The court ordered both appellant and Elisha to pay the costs of prosecution.

{¶10} When imposing sentence, the trial court found that

> consecutive sentences are necessary to protect the public from future crime or to punish the offender, and not disproportionate to the seriousness of the offenders [sic] conduct, and to the danger the offender poses to the public. The Courts [sic] going to find that one of these offenses was committed after [her] arrest on the earlier of the offenses, although before [she] was indicted. This Court is also going to find that two or more of the multiple offenses committed was part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of the course of conduct adequately reflects the seriousness of the offenders [sic] conduct.

On September 7, 2022, the trial court filed the judgment entries of

sentence.  In Case No. 21CR270(A), the court sentenced appellant to serve the following prison terms: (1) 18 months on count one; (2) nine months on count four; (3) 12 months on count five; and (4) six months on count six.  The court further ordered count six to be served concurrently with count four, and ordered counts one, four, and five to be served consecutively to one another, and consecutively to the sentence in Case No. 21CR780(A), for an aggregate prison term of eight years, with four years mandatory, to an indefinite prison term of up to ten years.  The court found

> that consecutive sentences are necessary to protect the public from future crime or to punish the offender and are not disproportionate to the seriousness of the offenders [sic] conduct and to the danger the offender poses to the public, that one offense was committed after the Defendant was charged on an earlier offense, and further finds that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of the offender's conduct.

The court also ordered appellant to pay the costs of prosecution.

{¶11} In Case No. 21CR780 (A), the trial court sentenced appellant as follows: (1) serve a mandatory minimum prison term of four years to an indefinite maximum term of six years on count one; (2) a nine-month prison term on count three; (3) a 30-day-jail sentence on count five; and (4) a $100 fine on count six.  The court further ordered that the sentences for count one and count three be served consecutively to one another and consecutively to

the sentence in Case No. 21CR270 for an aggregate minimum prison

term of eight years (with four years mandatory) to an indefinite

term of ten years.  The court ordered the sentences for counts five

and six to be served concurrently.  The court also ordered

appellant pay a $5,000 fine, the costs of prosecution and any other

fees permitted.  This appeal followed.

{¶12} Appellant's two assignments of error challenge the

sentence that the trial court imposed.  In her first assignment

of error, appellant asserts that the trial court erred by

imposing financial sanctions.  In her second assignment of

error, appellant argues that the trial court erred by imposing

consecutive sentences.  Because the same standard of review

governs both assignments of error, for ease of discussion, we

first set forth that standard.

A

{¶13} When reviewing felony sentences, appellate courts

apply the standard set forth in R.C. 2953.08(G)(2).  *E.g., State

v. Nelson*, 4th Dist. Meigs No. 22CA10, 2023-Ohio-3566, ¶ 63.

R.C. 2953.08(G)(2)(a) provides that "[t]he appellate court's

standard for review is not whether the sentencing court abused

its discretion."  Instead, the statute authorizes appellate

courts to "increase, reduce, or otherwise modify a sentence" "if

it clearly and convincingly finds either of the following":

(a) That the record does not support the sentencing

court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
        (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶14} Practically speaking, R.C. 2953.08(G)(2) means that appellate courts ordinarily "'defer to trial courts' broad discretion in making sentencing decisions.'" *State v. Gwynne*, ___ Ohio St.3d ___, 2023-Ohio-3851, ___ N.E.3d ___, ¶ 11 (*Gwynne II*), quoting *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 10 (lead opinion), and citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23 (describing an appellate court's review of whether a sentence is clearly and convincingly contrary to law under R.C. 2953.08(G) as being deferential to the sentencing court); *accord State v. Creech*, 4th Dist. Scioto No. 16CA3730, 2017-Ohio-6951, ¶ 11, quoting *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 21 ("[t]he language in R.C. 2953.08(G)(2) establishes an 'extremely deferential standard of review' for 'the restriction is on the appellate court, not the trial judge'"). In other words, appellate courts "may increase, reduce, or otherwise modify consecutive sentences only if the record does not 'clearly and convincingly' support the trial court's R.C. 2929.14(C)(4) consecutive-sentence findings." *Gwynne II* at ¶

13.

> "[C]lear and convincing evidence" means "that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."

*Id.* at ¶ 14, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

> Therefore, an appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences. The statutory language does not require that the appellate court have a firm belief or conviction that the record supports the findings. This language is plain and unambiguous and expresses the General Assembly's intent that appellate courts employ a deferential standard to the trial court's consecutive-sentence findings. R.C. 2953.08(G)(2) also ensures that an appellate court does not simply substitute its judgment for that of a trial court.

*Id.* at ¶ 15.

{¶15} Thus, in the case sub judice, we may not disturb the trial court's decision to impose a $5,000 fine, to require appellant to pay prosecution costs, and to sentence her to consecutive sentences unless the record clearly and convincingly shows that the sentence is contrary to law. *E.g., State v. Lykins*, 4th Dist. No. 17CA1040, 2017-Ohio-9390, 102 N.E.3d 503, ¶ 9.

B

{¶16} In her first assignment of error, appellant asserts that the trial court erred by: (1) ordering her to pay a $5,000 fine, and (2) failing to waive or cancel the requirement that she pay the prosecution costs. Appellant points out that, at the sentencing hearing, the state conceded appellant is indigent and the court stated it would not impose a fine. She further asserts that the court did not consider her present or future ability to pay. Appellant thus contends that the trial court plainly erred by including the $5,000 fine in its sentence. For similar reasons, appellant claims that the trial court erred by failing to waive the requirement that she pay the prosecution costs.

{¶17} The state pointed out that appellant did not comply with the R.C. 2929.18(B)(1) requirement to file an affidavit before sentencing to attest that she is indigent and unable to pay the mandatory fine. The state "concedes" that appellant was indigent for purposes of appointed counsel, but claims that being indigent for purposes of appointed counsel is not the same as being indigent and unable to pay a mandatory fine. The state additionally claims that appellant failed to object to the mandatory fine and, therefore, waived the right to challenge the fine on appeal.

{¶18} Appellant counters that, at the sentencing hearing,

the state specifically stipulated that appellant's indigency for purposes of the mandatory fine.  She also points out that, at the sentencing hearing, the trial court mentioned a $5,000 fine in relation to Elisha, but not in relation to appellant. Appellant thus asserts that trial counsel, therefore, had no reason to object during the sentencing hearing and could not have objected to a statement that the court did not utter. Appellant further challenges the state's argument that her trial counsel's failure to file an indigency affidavit before sentencing should result in the conclusion that the trial court did not err by imposing the fine.  Appellant contends that, if the trial court did not plainly err by imposing the fine, then trial counsel's failure to file the affidavit before sentencing constituted ineffective assistance of counsel.

## R.C. 2929.18(B)(1)

**{¶19}** R.C. 2929.18(B)(1) requires a sentencing court to impose a mandatory fine upon certain offenders.  The statute provides:

> For a first, second, or third degree felony violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code, the sentencing court shall impose upon the offender a mandatory fine of at least one-half of, but not more than, the maximum statutory fine amount authorized for the level of the offense pursuant to division (A)(3) of this section.

The statute further states, however, that a sentencing court

"shall not impose the mandatory fine upon the offender" if the following two conditions exist: (1) the offender files an affidavit with the court before sentencing to allege "the offender is indigent and unable to pay the mandatory fine"; and (2) "the court determines the offender is an indigent person and is unable to pay the mandatory fine." R.C. 2929.18(B)(1). If these conditions are not met, then imposing a mandatory fine upon an offender is not contrary to law. Importantly, failing to file an affidavit before "sentencing is, standing alone, a sufficient reason to find that the trial court committed no error by imposing the statutory fine." *State v. Gipson*, 80 Ohio St.3d 626, 633, 687 N.E.2d 750 (1998).

**{¶20}** Equally important, however, is a criminal defendant's right to be physically present at all critical stages of the proceeding, including when a trial court imposes a sentence. Crim.R. 43(A)(1) ("defendant must be physically present at every stage of the criminal proceeding and trial, including * * * imposition of sentence"). Thus, "'[b]ecause the defendant's presence is required when the court imposes sentence, the trial court errs when its judgment entry of sentence differs from the sentence that it announced at the sentencing hearing in the defendant's presence.'" *State v. Patrick*, 4th Dist. Lawrence No. 12CA16, 2013-Ohio-3821, ¶ 10, quoting *State v. Kovach*, 7th

Dist. Mahoning No. 08-MA-125, 2009-Ohio-2892, ¶ 28, citing *State v. Jordan*, 10th Dist. Franklin No. 05AP-1330, 2006-Ohio-5208, ¶ 48; *e.g., State v. Vaughn*, 8th Dist. Cuyahoga No. 103330, 2016-Ohio-3320, ¶ 18 ("[a] trial court cannot impose a sentence in the sentencing entry that differs from that it imposed at the sentencing hearing"); *State v. Santiago*, 8th Dist. Cuyahoga No. 101640, 2015-Ohio-1824, ¶ 19 ("[a] defendant is entitled to know his sentence at the sentencing hearing"); Katz and Giannelli, Criminal Law, Section 120:3 (3d ed.) ("[i]t is error if the judgment entry states a different sentence from that which was announced at the hearing").

**{¶21}** Courts thus have concluded that a trial court's sentence is contrary to law when a sentence is imposed in a sentencing entry that the court did not impose in open court and in the defendant's presence. *State v. Craig*, 1st Dist. Hamilton No. C-230112, 2023-Ohio-3777, ¶ 43 (reversing trial court's imposition of mandatory fine when court did not impose mandatory fine during sentencing hearing and in defendant's presence); *State v. Kirksey*, 7th Dist. Jefferson No. 20 JE 0002, 2021-Ohio-2893, ¶ 13 ("because Appellant's sentencing entry does not comport with the sentence pronounced by the trial court at the sentencing hearing, we reverse and remand for the trial court to include a waiver of the mandatory fine pursuant to R.C. 2929.18

in a nunc pro tunc sentencing entry"); *State v. Turner*, 4th Dist. Athens No. 13CA26, 2015-Ohio-3712, ¶ 21 (reversing trial court's sentence that imposed a mandatory fine when prosecutor specifically stated at sentencing hearing that the state not pursuing a fine due to the defendant's indigency and when trial court had not imposed fine during sentencing hearing and in defendant's presence); *State v. Patrick*, 4th Dist. Lawrence No. 12CA16, 2013-Ohio-3821, ¶ 11 ("sentence is contrary to law because the sentence announced by the trial court at the hearing differed from that in the sentencing entry"); *State v. Robinson*, 6th Dist. Lucas No. L-10-1369, 2012-Ohio-6068, ¶ 79 ("[b]ecause a defendant is required to be present when sentence is imposed, it constitutes reversible error for the trial court to impose a different sentence in its judgment entry than was announced at the sentencing hearing in defendant's presence").

{¶22} Accordingly, "if there exists a variance between the sentence pronounced in open court and the sentence imposed by a court's judgment entry, a remand for resentencing is required." *State v. Quinones*, 8th Dist. Cuyahoga No. 89221, 2007-Ohio-6077, ¶ 5; *accord State v. Jordan*, 10th Dist. Franklin No. 05AP-1330, 2006-Ohio-5208, ¶ 48 ("a trial court errs when it issues a judgment entry that imposes a sentence that differs from the sentence the trial court announced at a sentencing hearing in

the defendant's presence"; remand for resentencing is the
appropriate remedy).

**{¶23}** In the case sub judice, the sentencing hearing
transcript reflects that the state stipulated to appellant's
indigency for purposes of the mandatory fine and the trial court
accepted this stipulation.  Moreover, during the sentencing
hearing the trial court did not inform appellant that, despite
the stipulation, it would impose a $5,000 mandatory fine.  Thus,
because the trial court did not pronounce this fine in open
court and in appellant's presence, the court erred when it
imposed that fine in its sentencing entry.  As a result, the
trial court's imposition of the mandatory fine is contrary to
law.

**{¶24}** Consequently, we reverse the trial court's decision to
impose a $5,000 mandatory fine and remand this matter for
resentencing.

### R.C. 2947.23

**{¶25}** Appellant next asserts that the trial court erred by
failing to waive the costs of prosecution under R.C. 2947.23(C),
or to cancel them under R.C. 2303.23.

**{¶26}** Initially, we point out that appellant did not object
to the imposition of these costs during the trial court
proceedings.  Consequently, she forfeited the error.  *State v.*

*Johnson*, 3rd Dist. Allen No. 1-16-41, 2017-Ohio-6930, ¶ 24 (defendant's failure to object to costs during trial court proceedings forfeited the error); *see State v. Thomas*, 8th Dist. Cuyahoga No. 104567, 2017-Ohio-4436, ¶ 5 (failure to object at sentencing to restitution order forfeits all but plain error on appeal); *State v. Perry*, 4th Dist. Pike No. 16CA863, 2017-Ohio-69, ¶ 14 (failure to object during trial court proceedings forfeits sentencing issues absent plain error).  We may, however, review the issue under a plain error analysis.

**{¶27}** Generally, appellate courts recognize plain error "'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.'"  *State v. Landrum*, 53 Ohio St.3d 107, 111, 559 N.E.2d 710 (1990), quoting *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus.  For plain error to apply, a trial court must have deviated from a legal rule, the error must have been an obvious defect in the proceeding, and the error must have affected a substantial right.  *E.g., State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22; *State v. Barnes*, 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002).  However, even when a defendant demonstrates that a plain error or defect affected the defendant's substantial rights, the Ohio Supreme Court has "'admonish[ed] courts to notice plain error

"with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice."'" *Rogers* at ¶ 23, quoting *Barnes*, 94 Ohio St.3d at 27, quoting *Long* at paragraph three of the syllabus.

{¶28} In the case at bar, we do not believe that the trial court's order for appellant to pay the costs of prosecution constitutes an obvious error.

R.C. 2947.23(A)(1)(a) states:

> In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.

"Thus, the imposition of court costs on all convicted defendants is mandatory, whether 'indigent or not.'" *State v. Rister*, 4th Dist. Lawrence No. 21CA17, 2023-Ohio-1284, ¶ 19, quoting *State v. Taylor*, 161 Ohio St. 3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 6.

{¶29} R.C. 2947.23(C) provides that the trial court "'retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter.'" *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 265, quoting R.C. 2947.23(C). In light of this provision, appellate courts have held that defendants do "not need [the appellate] court to remand th[e]

case in order for [the defendant] to file a motion to waive costs." *Id.*; *accord State v. Garcia*, 8th Dist. Cuyahoga No. 107027, 2022-Ohio-3426, ¶ 106.

{¶30} R.C. 2303.23 similarly states: "If at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim. The clerk shall then effect the cancellation."  This statute is "merely permissive" and does "not require consideration of ability to pay."  *Taylor* at ¶ 15.

{¶31} Under R.C. 2947.23(C), a trial court retains jurisdiction to waive the costs of prosecution, and appellant may still seek a waiver.  Consequently, in the case before us the trial court's failure to waive the costs of prosecution during sentencing did not constitute an obvious error that resulted in a manifest miscarriage of justice.  *State v. Thompson*, 3rd Dist. Allen No. 1-19-30, 2020-Ohio-723, ¶ 21 (no manifest miscarriage of justice when appellant retained "the ability to seek waiver, suspension, or modification of the payment of the costs of prosecution in this case").

{¶32} Accordingly, based upon the foregoing reasons, we overrule, in part, and sustain, in part, appellant's first

assignment of error consistent with our opinion.

C

{¶33} In her second assignment of error, appellant asserts the trial court erred by imposing consecutive sentences because the court improperly relied upon an impermissible factor when it determined that consecutive sentences are warranted.  Appellant contends that the court stated that it imposed consecutive sentences because "one of the offenses was committed after [her] arrest on the earlier of the offenses, although before [she] was indicted."  Appellant argues that because R.C. 2929.14(C)(4) "does not allow [a] court to consider whether offenses were committed before any other case was indicted," the trial court "improperly considered this extraneous factor outside the bounds of [R.C.] 2929.14(C)(4)."

{¶34} We first observe that appellant did not object at the sentencing hearing to the imposition of consecutive sentences. Our review, therefore, is limited to determining whether the trial court plainly erred.  *See Barnes*, supra.

{¶35} In the case at bar, after our review we do not believe that the trial court plainly erred by imposing consecutive sentences.  R.C. 2929.14(C)(4) outlines the requirements that trial courts must follow when imposing consecutive sentences:

> If multiple prison terms are imposed on an offender
> for convictions of multiple offenses, the court may

require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶36}** In the case before us, even if the trial court may have improperly relied upon R.C. 2929.14(C)(4)(a), the trial court also recited the circumstance listed in R.C. 2929.14(C)(4)(b). At the sentencing hearing, and in each judgment of conviction and sentence, the trial court found

at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the course of conduct adequately reflects the seriousness of the offender's conduct.

**{¶37}** Therefore, we do not believe that the trial court

plainly erred by imposing consecutive sentences.  Furthermore, the record does not otherwise clearly and convincingly show that consecutive sentences are contrary to law.

{¶38} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error.

D

{¶39} In conclusion, we: (1) overrule appellant's first assignment of error as it pertains to the court's order that she pay the costs of prosecution, (2) sustain her first assignment of error regarding the court's imposition of the $5,000 mandatory fine, (3) reverse the trial court's judgment that imposed the $5,000 mandatory fine, and (4) remand this matter for resentencing.  We also overrule appellant's second assignment of error and otherwise affirm the trial court's judgment.

> JUDGMENT AFFIRMED IN PART,
> REVERSED IN PART AND THIS
> CAUSE REMANDED FOR FURTHER
> PROCEEDINGS CONSISTENT WITH
> THIS OPINION.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed in part, reversed in part and this matter remanded for further proceedings consistent with this opinion.  Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of 60 days upon the bail previously posted.  The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court.  The stay as herein continued will terminate at the expiration of the 60-day period.

The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the 45-day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court.  Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____
                              Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.