[Cite as *State v. Blosser*, 2024-Ohio-1649.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>ZACHARY D. BLOSSER,<br><br>Defendant-Appellant. | **CASE NOS. 2023-P-0070**<br>**2023-P-0071**<br><br>Criminal Appeals from the<br>Court of Common Pleas<br><br><br>Trial Court Nos. 2021 CR 00239<br>2022 CR 00097 |

**O P I N I O N**

Decided: April 29, 2024
Judgment: Affirmed in part and remanded

*Victor V. Vigluicci*, Portage County Prosecutor, and *Kristina K. Reilly*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Sean P. Martin*, 113 North Chestnut Street, Suite A, Jefferson, OH 44047 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Appellant, Zachary D. Blosser, appeals the sentences imposed on Involuntary Manslaughter with a firearm specification, a first-degree felony, and Aggravated Assault, a fourth-degree felony, by the Portage County Court of Common Pleas. For the following reasons, we affirm.

{¶2} On March 18, 2021, in Case No. 2021 CR 00239, the Portage County Grand Jury returned a six-count indictment charging appellant with two counts of Murder, unclassified felonies, with a firearm specifications, in violation of R.C. 2903.02, R.C. 2929.02, R.C. 2929.14(D) and R.C. 2941.145 (Counts 1 and 2); two counts of Felonious

Assault, second degree felonies, with firearm specifications, in violation of R.C. 2903.11, R.C. 292914(D), and R.C. 2941.145 (Counts 3 and 4); Tampering with Evidence, a third-degree felony, in violation of R.C.2921.12 (Count 5); and Safe Cracking, a fourth-degree felony, in violation of R.C. 2911.31 (Count 6). On March 19, 2021, appellant pleaded not guilty to the charges at arraignment and bond was set at $2,000,000 cash or surety.

{¶3}   On January 28, 2022, in Case No. 2022 CR 00097, the Portage County Grand Jury returned an indictment charging appellant with Attempted Felonious Assault, a third-degree felony, in violation of R.C. 2923.02 and 2903.11. Appellant pleaded not guilty to the charge at arraignment. Bond was set at $50,000, 10% or cash or surety.

{¶4}   After the exchange of routine pretrial motions, on July 5, 2023, appellant appeared with counsel, waived his rights, and entered guilty plea to an amended indictment of Involuntary Manslaughter, a first-degree felony, with a firearm specification, in violation of R.C. 2903.04 (A) and (C), R.C. 292914, and R.C. 2941.145 in Case No. 2021 CV 00239. As a result of the plea, the State dismissed the remaining counts of the indictment in Case No. 2021 CR 00239. A presentence investigation ("PSI") was ordered and bond was continued.

{¶5}   At the same hearing, appellant also entered a guilty plea to an amended indictment of Aggravated Assault, a fourth-degree felony, in violation of R.C. 2903.12 in Case No. 2022 CR 00097. The plea in the later case contained a jointly recommended sentence of 18 months imprisonment on the aggravated assault to run concurrently to the sentence on the involuntary manslaughter charge to be determined after the PSI was completed.

2

**{¶6}** On September 1, 2023, appellant was sentenced in both cases in a single judgment entry. On the Involuntary Manslaughter conviction in Case No. 2021 CR 00239, the trial court sentenced appellant to an indefinite term of imprisonment of 9 years to 13 1/2 years which was ordered to be served consecutively to a three-year prison term on the firearm specification. On the Aggravated Assault conviction in Case No. 2022 CR 00097, the trial court sentenced appellant to a prison term of 18 months and ordered that sentence to be served concurrently with the sentence imposed in Case No. 2021 CR 00239. In the sentencing entry, the trial court calculated appellant's aggregate prison term as 12 to 13 1/2 years.[1]

**{¶7}** Appellant timely appeals and raises the following assignment of error for review: "The trial court did not consider the sentencing factors found in R.C. 2929.12."

**{¶8}** We review felony sentencing pursuant to R.C. 2953.08(G)(2), which provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a)     That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b)     That the sentence is otherwise contrary to law.

---

1. This appears to be an incorrect calculation of the aggregate sentence. The three-year firearm specification will be served prior to and consecutive to the nine to 13 1/2 year sentence, making the aggregate term 12 to 16 1/2 years.

3

Case Nos. 2023-P-0070, 2023-P-0071

{¶9} "A sentence is contrary to law when it is 'in violation of statute or legal regulations' * * *." *State v. Meeks*, 11th Dist. Ashtabula No. 2022-A-0060, 2023-Ohio-988, ¶ 11, quoting *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 34. If a sentence falls outside the statutory range for the offense, "or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12," the sentence is contrary to law. *State v. Shanno*n, 11th Dist. Trumbull No. 2020-T-0020, 2021-Ohio-789, ¶ 11, quoting *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.); *see also State v. Wilson*, 11th Lake No. 2017-L-028, 2017-Ohio-7127, ¶ 18.

{¶10} Appellant alleges that "[t]here is no point where the Trial Court makes any reference, or even a 'rote recitation' of the statutory factors set forth in 2929.12 anywhere in the sentencing hearing on September 1, 2023."

{¶11} "[T]his court has frequently noted that 'even though a trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 factors, it is not required to make specific findings on the record to comport with its statutory obligations.'" *State v. Lamb*, 11th Dist. Portage No. 2022-P-0084, 2023-Ohio-2834, ¶ 10, quoting *Shannon* at ¶ 17. Moreover,

> It is well-established that "consideration of the appropriate factors set forth in R.C. 2929.11 can be presumed unless the defendant affirmatively shows to the contrary." State v. Clinton, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1, ¶ 243. A trial court's silence regarding the purposes of felony sentencing and/or the seriousness and recidivism factors is not sufficient to affirmatively demonstrate that the court did not comply with the statutes. *State v. Adams*, 37 Ohio St.3d 295, 525 N.E.2d 1361 (1988), paragraph three of the syllabus ("[a] silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12"); *State v. Cozzone*, 2018-Ohio-2249, 114 N.E.3d 601, ¶ 19 (11th Dist.) ("[t]he trial court did not explicitly state it considered R.C. 2929.11 and R.C. 2929.12 when it imposed appellant's

4

sentence; however, we presume a trial court considered R.C. 2929.11 and R.C. 2929.12 from a silent record").

*Lamb*, at ¶ 11 quoting, *State v. Claar*, 11th Dist. Portage No. 2020-P-0058, 2021-Ohio-2180, ¶ 11.

{¶12} During the sentencing hearing, the trial court indicated that it reviewed the PSI, the sentencing memorandum, and the victim impact statements from members of the victim's family. The trial court heard arguments from counsel and statements from appellant and appellant's sister. The trial court also noted that it received several letters from appellant's family members. The trial court then concluded that "I am going to find that you certainly are not amenable to community control sanctions and that a prison sentence is consistent with the purposes and principles of sentencing." The trial court recognized that while appellant has taken responsibility for his involvement in the death of the victim, he did take efforts to cover up his actions by lying about his involvement during the initial stages of the investigation and by removing the magazine and placing it inside the safe immediately after the shooting. The trial court also discussed appellant's juvenile record as contained in the PSI.

{¶13} The sentencing entry states:

> The Court considered the purpose of felony sentencing which is to protect the public from future crimes by the Defendant and to punish the Defendant using the minimum sanctions that the Court determines to accomplish those purposes without imposing an unnecessary burden on state or local government resources.
>
> The Court also considered the need for incapacitating the Defendant, deterring the Defendant and others from future crime, rehabilitating the Defendant, making restitution to the victim of the offense, the public or both.

5

> The Court also considered the evidence presented by counsel, oral statements, any victim impact statements, the Pre-Sentence Report, and the Defendant's statement.

{¶14} While the trial court did not mention R.C. 2929.11 or R.C. 2929.12, specifically, we presume that the trial court considered these mandatory statutory provisions. Upon review of the record in this case, the record supports the trial court's sentencing determination. The individually imposed sentences were within the statutory guidelines, and appellant has not affirmatively demonstrated that the trial court failed to comply with R.C. 2929.11 and 2929.12. Accordingly, appellant's sole assignment of error is without merit.

{¶15} While we find appellant's assignment of error to be meritless, we remand this matter to the trial court to issue a nunc pro tunc entry correcting the aggregate prison term. The judgment of the Portage County Court of Common Pleas is otherwise affirmed.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

6