[Cite as *State v. Young*, 2024-Ohio-5564.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :          Case No.  24CA1183

    v.                             :

                                   :          DECISION AND JUDGMENT
JOHN YOUNG,                             :          ENTRY

    Defendant-Appellant.           :
_____
APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for Appellant.

Aaron E. Haslam, West Union, Ohio, for Appellee.
_____

Smith, P.J.

{¶1} John Young, "Appellant," appeals the Judgment Entry on Sentence of the Adams County Court of Common Pleas, entered December 28, 2023.  Appellant pled guilty to one count of Rape, R.C. 2907.02(A)(1)(b), a felony of the first degree.  He now appeals his maximum sentence of 11-16 ½ years incarceration, arguing that his maximum sentence is contrary to law.  However, based on our review of the record, we find no merit to Appellant's assignment of error.  Accordingly,

we overrule the sole assignment of error and affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} The State of Ohio agrees with the factual and procedural background in this matter as set forth in Appellant's brief. On March 14, 2023, Appellant was indicted in a three-count indictment. All three counts alleged rape in violation of R.C. 2907.02(A)(1)(b). All counts constituted felonies of the first degree. The indictment stemmed from allegations of sexual abuse of a 12-year old female, L.B. Appellant lived with L.B. and her mother, R.G., at the time the conduct allegedly occurred.

{¶3} Appellant initially entered pleas of not guilty. On May 17, 2023, the State of Ohio dismissed Count Three without prejudice. On December 11, 2023, Appellant entered a plea of guilty to Count One of the Indictment as charged. Count Two was dismissed pursuant to the terms of the plea agreement.

{¶4} Appellant's sentencing occurred on December 28, 2023. On that date, the trial court imposed a term of incarceration of 11-16 ½ years in the Ohio Department of Rehabilitation and Corrections. Appellant was also classified as a Tier III sex offender.

{¶5} Appellant timely appealed. Additional facts are set forth below.

## ASSIGNMENT OF ERROR

I.      THE TRIAL COURT ERRED IN IMPOSING A
MAXIMUM PRISON SENTENCE.
STANDARD OF REVIEW

{¶6} When reviewing felony sentences, appellate courts apply the

standard set forth in R.C. 2953.08(G)(2).  *State v. Spencer*, 2024-Ohio-59,

¶ 13(4th Dist.); *State v. Nelson,* 2023-Ohio-3566, ¶ 63 (4th Dist.).  R.C.

2953.08(G)(2)(a) provides that "[t]he appellate court's standard for review is

not whether the sentencing court abused its discretion."  Instead, the statute

authorizes appellate courts to "increase, reduce, or otherwise modify a

sentence" "if it clearly and convincingly finds either of the following":

> (a) That the record does not support the sentencing
> court's findings under division (B) or (D) of
> section 2929.13, division (B)(2)(e) or (C)(4) of
> section 2929.14, or division (I) of section
> 2929.20 of the Revised Code, whichever, if any,
> is relevant;

> (b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).  "Clear and convincing evidence is that measure or

degree of proof which is more than a mere 'preponderance of the evidence,'

but not to the extent of such certainty as is required 'beyond a reasonable

doubt' in criminal cases, and which will produce in the mind of the trier of

facts a firm belief or conviction as to the facts sought to be established."

*State v. Cook*, 2024-Ohio-2798, ¶ 32 (4th Dist.), quoting *Cross v. Ledford*,

161 Ohio St. 469, (1954), paragraph three of the syllabus.

{¶7} Furthermore, we note that Appellant failed to object to the

imposition of the maximum sentence at the sentencing hearing.  Therefore,

Appellant has waived all but plain error review of the trial court's sentence.

*See State v. Spencer*, 2024-Ohio-59, ¶ 27, ¶ 34 (4th Dist.); *State v. Ashcraft*,

2021-Ohio-3842, ¶ 14 (5th Dist.)  Under the plain error rule, "[p]lain errors

or defects affecting substantial rights may be noticed although they were not

brought to the attention of the court."  Crim.R. 52(B).  The rule places the

following limitations on a reviewing court's determination to correct an error

despite the absence of timely objections at trial:  (1) "there must be an error,

i.e. a deviation from a legal rule," (2) "the error must be plain," that is an

error that constitutes "an 'obvious' defect in the trial proceedings," and (3)

the error must have affected "substantial rights" such that "the trial court's

error must have affected the outcome of the trial."  *See Ashcraft, supra*.

LEGAL ANALYSIS

{¶8} Appellant contends that his maximum sentence is contrary to

law, claiming that the trial court failed to consider the purposes and

principles of sentencing under R.C. 2929.11 and the seriousness and

recidivism factors in R.C. 2929.12.  Appellant concedes that the trial judge

"did state on the record [and in the sentencing entry] he was considering R.C. 2929.11 and R.C. 2929.12 when imposing the sentence." However, Appellant claims that "despite the trial court reciting that he had considered R.C. 2929.11 along with R.C. 2929.12, the record is clear that the statutes were not considered when deciding on an appropriate sentence."

{¶9} Initially, Appellant concedes that he does have a prior criminal history but argues that "the only felony on his record was an illegal manufacturing of drugs from 2015," and "the rest of his criminal history consisted mostly of driving under suspension or without a license, and two OVI's." Appellant also notes that there are "no offenses of violence on his record, and nothing involving abuse towards minor children." Appellant points to the Ohio Risk Assessment, referenced in his presentence investigation report (PSI), that "gave Mr. Young a score of 20 which put him at a moderate risk of reoffending."

{¶10} Appellant also argues that he has "accepted responsibility for his actions" by entering the guilty plea and that doing so "prevented the victim from having to come to court and testify at a jury trial." Furthermore, Appellant points out that the trial court verbally chastised the victim's mother, R.G., in open court. Appellant argues that the trial court impermissibly "held her actions against him" for purposes of sentencing.

For the above reasons, Appellant contends that his sentence is contrary to law.

{¶11} We have reviewed the trial court record, the applicable Ohio statutes and case law. Having done so, we find no merit to Appellant's arguments. We agree with the State of Ohio that the trial court properly considered the principles of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. We find that Appellant's maximum sentence is supported by the record.

{¶12} R.C. 2929.11 states:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

> (B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section,

commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶13} R.C. 2929.12(A) states:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in [divisions (B) through (F)] of this section * * * and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

R.C. 2929.12(B) through (F) then set out factors for the court to consider relating to the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States, if any. *See State v. Nolan,* 2024-Ohio-1245, ¶ 42 (4th Dist.)

{¶14} "Because both R.C. 2929.11 and R.C. 2929.12 require the trial court to consider the factors outlined in those two statutory provisions, * * * a trial court's failure to consider the factors would render the sentence * * * 'contrary to law.' " *Nolan, supra,* ¶ 43; *State v. Poole*, 2022-Ohio-2391, ¶ 17 (4th Dist.)  However, "neither R.C. 2929.11 nor 2929.12 requires a trial

court to make any specific factual findings on the record." *State v. Jones,* 2020-Ohio-6729, ¶ 20.

{¶15} While Appellant concedes that the trial court "referenced the sentencing factors prior to imposing sentence and placed them in the sentencing entry," he asks us to infer that the trial court did not in fact consider them because his sentence is not supported by the record under R.C. 2929.11 and 2929.12. However, "R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." *State v. Bryant,* 2022-Ohio-1878, ¶ 21, citing *Jones* at ¶ 41-42. "R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 22, citing *Jones* at ¶ 31, 39. *See also Cook, supra,* ¶ 38; *State v. Gay,* 2024-Ohio-4800, ¶ 39 (8th Dist.); *State v. Wells,* 2024-Ohio-4813, ¶ 48 (2nd Dist.) If we were to infer a sentence was contrary to law and vacate it merely because we did not believe the sentencing factors supported it, we would in effect be vacating a sentence based on our view that it is not supported by the record under R.C. 2929.11 and 2929.12. *See Nolan,* ¶ 44.

{¶16} It is the trial court's duty to determine an appropriate sentence. The plea agreement between Appellant and the State contained a provision that the parties were free to argue sentencing. Defense counsel argued that Appellant was remorseful. Counsel also pointed out that Appellant did not have "much of a prior record." The prosecutor declined to make an argument.

{¶17} Appellant's arguments herein are that: (1) his prior record does not indicate major felonies, or acts of violence, or crimes involving children; (2) the PSI indicated he has a "moderate risk" of reoffending; (3) he has accepted responsibility and spared his victim from appearing in court and testifying at a jury trial; and (4) the trial court transferred its wrath against R.G. to Appellant through imposition of the maximum sentence. Upon our review of the record, we are not persuaded that the trial court's sentence is contrary to law.

{¶18} Although Appellant's prior criminal record contained only one felony, and that conviction did not involve violence or any child victim, Appellant now stands convicted of rape of a child less than 13 years old. The statutory definition of "Rape" to which Appellant pled in Count One is "No person shall engage in sexual conduct with another when… [t]he other person is less than 13 years of age, whether or not the offender knows the

age of the other person."  R.C. 2907.02(A)(1)(b).  The Supreme Court of

Ohio has held that this statute criminalizes what is commonly known as

"statutory rape" and "holds offenders strictly liable for engaging in sexual

conduct with children under the age of 13."  *In re D.B.,* 2011-Ohio-2671, ¶

13.  The expansion of the statute's definition of traditional rape has been

discussed as follows:

> [T]he section designates as rape sexual conduct
> with a pre-puberty victim, regardless of whether
> force or drugs are used, and regardless of whether
> the offender has actual knowledge of the victim's
> age. The rationale for this is that the physical
> immaturity of a pre-puberty victim is not easily
> mistaken and engaging in sexual conduct with such
> a person indicates vicious behavior on the part of
> the offender.

R.C. 2907.02(A)(1)(b), 1973 Legislative Service Commission Notes.

In its discretion to consider "any other relevant factor," the trial court may

have weighed the one prior drug felony against the egregious nature of

Appellant's rape conviction.

{¶19} In addition to stating on the record and in the judgment entry

that the court had considered the principles and purposes of sentencing under

R.C. 2929.11 as well as balancing the seriousness and recidivism factors

under R.C. 2929.12, the court also noted that it had considered the record,

the oral statements and victim impact statements in the PSI report.  Defense

counsel argued that Appellant was remorseful. Herein, Appellant argues that he was designated as a "moderate risk" in the PSI. The trial court, however, observed that the "author of the report suggests he has no genuine remorse."

{¶20} The trial court also recognized that Appellant accepted responsibility for his actions by entering the plea. Appellant argues that he "received no benefit" by taking responsibility. Appellant apparently does not view the outcome of his plea negotiations—which eliminated the possibility of two additional first-degree felony convictions—a substantial benefit.

{¶21} Finally, Appellant asserts that the trial court imposed the maximum sentence in an effort to "get at" R.G. At sentencing, R.G. addressed the trial court as follows:

> I was around him the whole time. I myself feel personally that I never witnessed any behavior like that from him….I knew there's a lot of lies that was in the accusations….I don't feel that he deserves any of it, let alone the max. But he is a good man.

At this point, the trial court asked R.G. if she was aware that Appellant had admitted to the "acts that you're calling lies." R.G. then answered "No." Thereafter, R.G. stated: "I didn't know….[B]ut I have talked to him along the way and he has told me he's sorry for everything that he has done…but I

didn't know the extent of what he was sorry for." Later, the trial court commented: "I will take my last breath not understanding how a parent could turn their back on a child they brought into the world in favor of a man they hardly knew." Even hearing this, R.G. asked to speak and told the court: "Can I say something? In all honestly, she never even told me." The trial court replied: "I can find no faith of the truthfulness in that statement."

{¶22} While Appellant has cited this exchange between the trial judge and R.G. as an impermissible factor for consideration in his sentencing, we cannot find that this dialogue between the court and the victim's mother creates the appearance that the trial court sentenced Appellant in a retaliatory or vindictive manner. *See State v. Pierce,* 2024-Ohio-82, ¶ 58 (4th Dist.) Appellant's sentence fell within the statutory range and nothing in the record suggests that the trial court ignored the factors appellant identifies on appeal. *See State v. Netter,* 2024-Ohio-1068, ¶ 40 (4th Dist.). "Simply because the trial court did not find the factors identified by Appellant to militate in favor of a less severe sentence does not imply the sentence is contrary to law." *Id.* (citations omitted). Furthermore, in the absence of an affirmative showing that the trial court failed to consider the criteria set forth in R.C. 2929.12 or consider the principles set forth in R.C. 2929.11, we presume the trial court accurately followed the law. *See State v. Blosser*, 2024-Ohio-1649, ¶ 14

(11th Dist.); *State v. Kinder,* 2004-Ohio-4340, ¶ 46 (5th Dist.).  Despite the trial court's admonition to R.G., we presume that the trial court correctly applied the law when fashioning Appellant's sentence.

{¶23} Based on the foregoing, we do not believe that the trial court plainly erred by imposing the maximum sentence.  Furthermore, the record does not otherwise clearly and convincingly show that Appellant's maximum sentence is contrary to law.  Accordingly, we overrule the sole assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**