[Cite as *State v. Poole*, 2022-Ohio-2391.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 21CA1151 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| JORDAN POOLE, | : | |
| Defendant-Appellant. | : | **RELEASED 7/05/2022** |

_____
<u>APPEARANCES</u>:

Brian T. Goldberg, Cincinnati, Ohio, for appellant.

C. David Kelley, Adams County Prosecutor, Anthony Hurst, Adams County Assistant Prosecutor, West Union, Ohio, for appellee.
_____
Hess, J.

**{¶1}** Jordan Poole appeals his conviction for possession of heroin and operating a motor vehicle while under the influence after he pleaded guilty and was sentenced to 18 months in prison and a concurrent jail sentence of 180 days. In his sole assignment of error, Poole contends that the trial court failed to consider the purposes and principles of sentencing under R.C 2929.11 or the seriousness and recidivism factors in R.C. 2929.12. Poole argues that the trial court "completely ignored sentencing factors" after Poole told the court he did not want to undergo drug rehabilitation treatment and would simply prefer prison. However the sentencing entry and the sentencing hearing transcript both show that the trial court considered the factors in R.C. 2929.11 and R.C 2929.12 prior to sentencing Poole, therefore we overrule his assignment of error and affirm the trial court's judgment.

## I. PROCEDURAL HISTORY

{¶2}  In April 2021, the Adams County grand jury indicted Poole on one count of trafficking in heroin in violation of R.C 2925.03(A)(2), a fourth-degree felony (Count 1); one count of trafficking in fentanyl in violation of R.C. 2925.03(A)(2), a fourth-degree felony (Count 2); one count of possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony (Count 3); one count of possession of heroin in violation of R.C. 2925.11(A), a fourth-degree felony (Count 4); and one count of operating a motor vehicle while under the influence of drugs, alcohol, or a combination thereof in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor (Count 5). Poole initially pleaded not guilty, but in August 2021 he entered into a plea agreement with the state and entered a guilty plea to one count of possession of heroin and one count of operating a motor vehicle under the influence (Counts 4 and 5). Counts 1, 2, and 3 were dismissed in exchange for the guilty plea.

{¶3}  The trial court held three hearings in an attempt to sentence Poole. At the first hearing in September 2021, Poole asked to be sentenced to community control. However, Poole conceded that he had not enrolled in any drug treatment programs or counseling. The trial court read Poole's lengthy criminal history, which spanned a decade and included multiple community control violations and multiple attempts at drug and alcohol rehabilitation programs. Poole also admitted that he was required to report for a drug rehabilitation program as part of his conviction in another county but that he has not had time to get around to doing that. The trial court postponed sentencing, instructed Poole that he needed to report to drug counseling as required under his other conviction, and rescheduled the sentencing hearing for November 2021.

{¶4}    At the November 2021 hearing, Poole was under the influence of drugs and tested positive for methamphetamine, amphetamine, buprenorphine, and fentanyl. The hearing was rescheduled for December 2021 and his bond was revoked.

{¶5}    At the December 2021 sentencing hearing, the trial court stated that it had received and reviewed the pre-sentence investigation report. The state stated that Poole had two prior felony convictions, had community control revoked at least seven times over the course of his criminal history, and had his bond revoked due to positive drug tests in this case. The state asked that the trial court impose a prison sentence.  Poole informed the trial court that he had not engaged in any drug treatment counseling despite being instructed to do so at the September 2021 hearing. Poole also informed the trial court that his requested sentence would be community control with no drug treatment program. If the trial court was not agreeable to give him basic community control without drug treatment, then he preferred to go to prison. Poole then clarified that he would be willing to undergo voluntary outpatient treatment but not mandatory inpatient treatment.

{¶6}    The trial court asked Poole what his rationale was and Poole explained that he did not want to go to an inpatient program that would not count towards his prison sentence, explaining that he believed he could relapse and have to go to prison anyway:

> I'm not going to go to a program that don't count towards my sentence. So, if I did get out of it and I did mess up, then I gotta redo all them days again, like I'll just go and I'd rather just do it, get it [prison] over with now, if that's the case.

Poole repeatedly explained that he did not want to engage in inpatient drug rehabilitation that did not count against his prison sentence if he "messed up" and violated community control. The trial court asked Poole why he thought he was "destined to mess up? Just continue to mess up?" Poole responded, "I'm saying it's possible."

{¶7}    The court stated that it had considered the record, the oral statements, and the presentence investigation report and considered the principles and purposes of sentencing under R.C. 2929.11. The court also stated it considered the overriding purposes of felony sentencing and the seriousness and recidivism factors in R.C. 2929.12. The trial court was particularly concerned with Poole's decade long criminal history, which involved many drug-related convictions. Poole had at least eight community control violations and completed several unsuccessful drug rehabilitation programs. The trial court also noted that it told Poole to be assessed for drug treatment at the September 2021 hearing and the agency's multiple attempts to schedule an assessment of him were unsuccessful. The trial court explicitly discussed the recidivism factor in R.C. 2929.12: "In considering the recidivism factors, whether recidivism is likely, uh, whether he committed the incident offense while on community control. Uh, the defendant committed the incident offense while in community control of Brown County Court * * *." The trial court also noted that in almost all of his prior criminal convictions he has violated community control and had it revoked and he "shows a pattern of alcohol and drug, drug use related to the offense and doesn't acknowledge or refuses treatment."

{¶8}    The trial court determined Poole was not amenable to community control sanctions and ordered him to serve a prison term of 18 months for possession of heroin (Count 4) and 180 days in jail, to be served concurrently, for operating a vehicle under the influence (Count 5). The sentencing entry also included the statement that the trial court considered "the principle and purposes of sentencing under Ohio Revised Code Section 2929.11(A) * * * and has balanced the seriousness and recidivism factors of ORC 2929.12."

## II.  ASSIGNMENT OF ERROR

{¶9}   Poole presents one assignment of error:

I.       The record clearly and convincingly demonstrates the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 or the seriousness and recidivism factors in R.C. 2929.12.

### III.  LAW AND ANALYSIS

{¶10} Poole contends that the trial court failed to consider the purposes and principles of sentencing under R.C. 2929.11 or the seriousness and recidivism factors in R.C. 2929.12 and therefore his sentence is contrary to law. He argues that if the record clearly and convincingly demonstrates that the trial court did not consider the necessary factors, the sentence must be reversed. He asks us to remand the matter to the trial court for a new sentencing hearing.

{¶11} A defendant bears the burden to establish, by clear and convincing evidence, that a sentence is either contrary to law or that the record does not support the specified findings. *State v. Behrle*, 4th Dist. Adams No. 20CA1110, 2021-Ohio-1386, ¶ 48. "[C]lear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *State v. Whitehead*, 4th Dist. Scioto No. 20CA3931, 2022-Ohio-479, ¶ 107.

{¶12} R.C. 2953.08(G)(2) provides:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's

standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶13}** In *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, the Court held that R.C. 2953.08(G)(2) does not permit an appellate court to review whether the record supports a sentence as a whole under R.C. 2929.11 and 2929.12. *Id.* at ¶ 30. The Court stated:

Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. In particular, R.C. 2953.08(G)(2) does not permit an appellate court to conduct a freestanding inquiry like the independent sentence evaluation this court must conduct under R.C. 2929.05(A) when reviewing a death penalty-sentence. *See State v. Hundley*, 162 Ohio St.3d 509, 2020-Ohio-3775, 166 N.E.3d 1066, ¶ 128 (recognizing that R.C. 2929.05(A) requires de novo review of findings and other issues within its scope).

*Id.* at ¶ 42; *State v. Arbogast*, 4th Dist. Adams No. 20CA1119, 2021-Ohio-484, ¶ 7.

**{¶14}** However, Poole does not ask us to review whether the record supports his sentence as a whole under R.C. 2929.11 and 2929.12. Rather, he argues that his sentence is "contrary to law" because the record shows clearly and convincingly that the trial court did not even consider R.C. 2929.11, which sets forth the purposes and principles of felony sentencing, and R.C. 2929.12, which addresses factors to be considered when imposing a sentence under R.C. 2929.11.

**{¶15}** The Supreme Court of Ohio has explained that the term "contrary to law" is not defined by the General Assembly; therefore, a court must look to the ordinary meaning

at the time the statute was enacted. *State v. Jones* at ¶ 33. "At that time, legal dictionaries defined 'contrary to law' as 'in violation of statute or legal regulations at a given time,' e.g., Black's Law Dictionary 328 (6th Ed.1990)." *Id.* at ¶ 34. In *Jones,* the Court reviewed the history of R.C. 2953.08 and found that the broader provision allowing an appellate court to vacate the sentence when it found "the record does not support the sentence" was eliminated by the legislature, but that the phrase "otherwise contrary to law" was not amended. *Id.* at ¶ 37. As a result, "the term 'otherwise contrary to law' * * * meant something other than an appellate court finding that the record does not support a sentence." *Id.* at ¶ 38. Based upon the Supreme Court of Ohio's recent decision in *Jones*, we understand the phrase "contrary to law" to have the original meaning it had when the statute was enacted in 1995, which is "in violation of statute or legal regulations at a given time." *Id.* at ¶ 34.

{¶16}　Both R.C. 2929.11 and R.C. 2929.12 require the trial court to consider them because each statute contains the word "shall." "A basic rule of statutory construction is that 'shall' is 'construed as mandatory unless there appears a clear and unequivocal legislative intent' otherwise." *Bergman v. Monarch Constr. Co.*, 124 Ohio St.3d 534, 2010-Ohio-622, 925 N.E.2d 116, ¶ 16. R.C. 2929.11(A) provides:

> A court that sentences an offender for a felony **shall** be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, **the sentencing court shall consider** the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. (Emphasis added.)

R.C. 2929.12(A) provides:

(A) Unless otherwise required * * *, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion**, the court shall consider the factors set forth** in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing. (Emphasis added.)

**{¶17}** Because both R.C. 2929.11 and R.C. 2929.12 require the trial court to consider the factors outlined in those two statutory provisions, *State v. Wilson,* 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, then a trial court's failure to consider the factors would render the sentence "in violation of statute" and thus "contrary to law." This was our established precedent prior to *Jones* and nothing in our interpretation of *Jones* requires us to abandon it. *State v. Allen*, 4th Dist. Pickaway No. 19CA31, 2021-Ohio-648, ¶ 19 ("under the Supreme Court's decision in *Jones*, a reviewing court no longer needs to determine whether a trial court's consideration of the factors in R.C. 2929.11 and 2929.12 are supported in the record. The court's consideration of the factors enumerated in these statutes is sufficient"); *see also State v. Neal,* 4th Dist. Lawrence Nos. 14CA31 & 14CA32, 2015-Ohio-5452, ¶ 55 ("A sentence is contrary to law * * * if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12"). "Although a trial court has a mandatory duty to consider the relevant statutory factors under R.C. 2929.11 and 2929.12, the trial court is not required to specifically analyze each factor on the record or to explain its reasoning before imposing a sentence." *Id.* at ¶ 58; *Jones* at ¶ 20, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.

**{¶18}** Here the sentencing hearing transcript and the sentencing entry show that the trial court did, in fact, consider both R.C. 2929.11 and R.C. 2929.12 in imposing Poole's sentence. The trial court discussed several of the factors at the sentencing hearing, including recidivism, and it explicitly stated that it considered the factors in the sentencing entry. "A trial court's statement in its sentencing journal entry that it considered the statutory factors, without more, is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and 2929.12." *State v. Neal* at ¶ 59. Thus, contrary to Poole's contentions, the record does not clearly and convincingly demonstrate that the trial court failed to consider the factors of R.C. 2929.11 and R.C. 2929.12. The trial court stated that it considered the factors in the sentencing entry and explicitly detailed its concerns regarding recidivism at the sentencing hearing.

**{¶19}** Accordingly, we overrule Poole's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the ADAMS COUNTY COMMON PLEAS COURT to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
        Michael D. Hess, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**