[Cite as *State v. Cook*, 2024-Ohio-2798.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 23CA1172 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | |
| | : | DECISION AND |
| NOAL H. COOK, | : | JUDGMENT ENTRY |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:

Brian T. Goldberg, Cincinnati, Ohio, for Appellant.

Aaron E. Haslam, Adams County Prosecutor, West Union, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Noal H. Cook appeals the May 26, 2023 Judgment Entry on Sentence of the Adams County Court of Common Pleas. Cook pled guilty to R.C. 2907.02 (A)(1)(b), rape, a felony of the first degree. On appeal, Cook raises two assignments of error challenging the knowing, intelligent, and voluntary nature of his plea, along with the lawfulness of his life sentence without parole. For the reasons which follow, Cook's assignments of error are without merit. Accordingly, we affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

{¶2} On January 10, 2023, the Adams County Grand Jury indicted Noal H. Cook, Appellant, on three counts of rape, R.C. 2907.02(A)(1)(b), all felonies of the first degree. The counts stemmed from events occurring between the years of 2008 and 2014 and involved a victim relative under the age of ten years old. Specific to Count Two, between December 2010 and March 2011, Appellant was playing on a bed with W.B. and another younger boy. During this time, Appellant became aroused. After the younger child fell asleep, W.B. had an erection. After this, Appellant put his mouth on W.B.'s penis. At his arraignment, Appellant entered not guilty pleas and was appointed counsel.

{¶3} On March 2, 2023, the trial court established a pretrial order with a jury trial scheduled for dates in May 2023. However, on April 27, 2023, Appellant entered a plea of guilty to Count Two, with a finding that the victim was less than ten years of age at the time of the offense. Under the plea agreement, the State of Ohio agreed to dismiss Counts One and Three. Appellant's sentencing was deferred in order to obtain a presentence investigation report.

{¶4} Appellant's sentencing hearing was held on May 26, 2023. During sentencing, Appellant asked the victim and his family for their forgiveness and he offered evidence of his military service in mitigation of punishment. The trial court imposed a sentence of life without the possibility of parole and classified

Appellant as a Tier III sex offender.  At the time of sentencing, Appellant was 68 years old.  He timely appealed.  Additional facts relating to the sole count are set forth below.

## ASSIGNMENTS OF ERROR

{¶5} Appellant presents two assignments of error:

I.     MR. COOK'S  PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

II.    THE SENTENCE OF THE TRIAL COURT IS CONTRARY TO LAW.

## A.  ASSIGNMENT OF ERROR I

{¶6} Appellant contends that his plea was not made knowingly, intelligently, and voluntarily.  Specifically, Appellant contends that the transcript of the plea hearing supports his argument that he did not understand or acknowledge the nature of the charges against him.  While Appellant did admit to placing his mouth on the victim's penis, he argues that he did not do this for sexual gratification or enjoyment and did so only "to calm the child down."  Appellant argues that his act may have constituted a criminal offense but does not constitute the offense of rape. Appellant asserts that his lack of understanding was evident throughout the plea hearing.  For these reasons, Appellant asks this court to vacate his guilty plea and remand to the trial court.

## 1. **Standard of Review**

{¶7} Crim.R. 11(C)(2) governs the acceptance of guilty pleas by the trial court in felony cases and provides that a trial court should not accept a guilty plea without first addressing the defendant personally and:

> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶8} "[P]rior to accepting a guilty plea, a 'court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses.'" *State v. Tolle*, 2022-Ohio-2839, 194 N.E.3d 410, ¶ 9 (4th Dist.), quoting *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115, paragraph one of the syllabus (1981). *See also* Crim.R. 11(C)(2)(c). " 'In addition to these constitutional rights, the trial court must determine that the defendant understands

the nature of the charge, the maximum penalty involved, and the effect of the plea.' " *Tolle* at ¶ 9, quoting *State v. Montgomery*, 148 Ohio St.3d 347, 2016-Ohio-5487, 71 N.E.3d 180, ¶ 41.

{¶9} When reviewing a defendant's constitutional rights, a trial court must *strictly* comply with Crim.R. 11(C)(2). *Tolle*, supra, at ¶ 10; *State v. Veney*, 2008-Ohio-5200, ¶ 18. In contrast, when reviewing a defendant's non-constitutional rights (maximum penalty involved, understanding effect of plea, etc.), a trial court need only s*ubstantially* comply with Crim.R. 11(C)(2)(a) and (b). *Tolle* at ¶ 11; *State v. Veney, supra.* " '[S]ubstantial compliance' means that 'under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *State v. Morrison*, 2008-Ohio-4913, ¶ 9 (4th Dist.), quoting *State v. Puckett*, 2005-Ohio-1640, ¶ 10 (4th Dist.), citing *State v. Stewart*, 51 Ohio St.2d 86 (1977).

{¶10} As this Court observed in *Tolle*, the *Veney* court held as follows regarding the acceptance of guilty pleas:

> " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *Veney, supra*, at ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525 (1996); (citation omitted); *State v. Barker*, 2011-Ohio-4130, ¶ 9.

*Tolle*, at ¶ 12.  "It is the trial court's duty, therefore, to ensure that a defendant 'has a full understanding of what the plea connotes and of its consequence.' "  *Tolle*, at ¶ 13; quoting *Montgomery* at ¶ 40, in turn quoting *Boykin v. Alabama*, 395 U.S. 238, 244, (1969); *State v. Conley*,  2019-Ohio-4172, ¶ 34 (4th Dist.).

{¶11} When an appellate court evaluates whether a defendant knowingly, intelligently, and voluntarily entered a guilty plea, the court must independently review the record to ensure that the trial court complied with the Crim.R. 11 constitutional and procedural safeguards.  *See Tolle*, at ¶ 14; (citations omitted*)*; *Veney*, *supra*, at ¶ 13 ("Before accepting a guilty or no-contest plea, the court must make the determinations and give the warnings required by Crim.R. 11(C)(2)(a) and (b) and notify the defendant of the constitutional rights listed in Crim.R. 11(C)(2)(c)."); *State v. Kelley*, 57 Ohio St.3d 127, 128 (1991) ("When a trial court or appellate court is reviewing a plea submitted by a defendant, its focus should be on whether the dictates of Crim.R. 11 have been followed.").  *See also State v. Shifflet*, 2015-Ohio-4250, ¶ 13 (4th Dist.).

{¶12} "The purpose of Crim.R. 11(C) is 'to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty.' "  *Tolle* at ¶ 15, quoting *Ballard, supra,* at 479-480.  As set forth above, although literal compliance with Crim.R. 11(C) is preferred, it is not required.  *See State v. Clark*, 2008-Ohio-3748, ¶ 29, citing *State v. Griggs,* 2004-

Ohio-4415, ¶ 19.  Therefore, an appellate court will ordinarily affirm a trial court's acceptance of a guilty plea if the record reveals that the trial court engaged in a meaningful dialogue with the defendant and explained "in a manner reasonably intelligible to that defendant" the consequences of pleading guilty.  *Ballard* at paragraph two of the syllabus; *Barker* at ¶ 14; *Veney* at ¶ 27.

### 2. **Legal Analysis**

{¶13} Crim.R. 11(C)(2)(a) requires that Appellant's plea be made voluntarily, with the understanding of the nature of the charges.  Appellant argues that because he did not understand or acknowledge the nature of the rape charge against him, his plea was not entered knowingly, intelligently, and voluntarily. Appellant submits that his lack of understanding is evidenced in the hearing transcript by his request for time to speak with his attorney, statement to the court that he was having trouble comprehending, and his attorney's request for additional time to speak with Appellant privately.  He contends that he simply did not understand Count Two.

{¶14} Interrelated to this argument, Appellant also argues that his guilty plea was not entered knowingly, intelligently, and voluntarily because he did not admit to committing rape during the plea colloquy.  Appellant contends that the State of Ohio had to prove that Appellant engaged in fellatio in order to support Count Two rape.  While Appellant admitted to putting his mouth on the victim's penis, he

contends that the act did not constitute fellatio because the victim was not sexually satisfied and therefore, the act did not meet the elements of fellatio.

{¶15} Appellant's allegation reqarding the "nature of the charge" concerns a non-constitutional right. *See State v. Ingram,* 2002-Ohio-883, *2 (10th Dist.). Therefore, we review the record in order to determine if the trial court's advisal substantially complied with Crim.R. 11(C). A trial court can find a defendant understood the nature of the charges when the totality of the circumstances warrants such a determination. *Ingram, supra*, citing *State v. Rainey,* 3 Ohio App.3d 441, paragraph one of the syllabus, (10th Dist. 1982).

{¶16} For the reasons which follow, we find that the totality of the circumstances demonstrate that Appellant understood the rape count to which he pled. The change of plea hearing transcript indicates the trial court began its required colloquy by asking Appellant about his ability to read and write and whether he was under the influence of alcohol or other substances. The transcript further reflects that Appellant indicated that he consulted with his attorney, verbally stated his understanding of the plea, and expressed satisfaction with plea negotiations. The trial court's colloquy begins as follows:

> COURT:    Tell me in your words what you think the plea negotiations are.
>
> COOK:    Well, the ma- the maximum of my sentencing would be 15 years with the possibility of parole, the maximum being the life in prison, no possibility

parole.  So, either way, I have a strong feeling that I'll die in prison.

* * *

COURT:   So, Mr. Cook, it appears you understand the plea negotiations. Um, did you give Mr. Baker authority to talk to the State to try to reach an agreement where you would only plead to count two and counts one and three would be dismissed?

COOK:   Yes, sir.

COURT:   Everything considered, are you satisfied with the results of the plea negotiations?

COOK:   Yes, sir.

* * *

{¶17} At this point, the trial court began to discuss the allegation contained in Count Two.  The court noted that the count involved sexual conduct with a minor and continued as follows:

COURT:   If you do enter a plea of guilty and count two, this act will be in violation of Title 29.  Specifically, it would be in violation of Section 2907.02(A)(1)(B).  The act would certainly be against the peace and dignity of the State off Ohio.  You've been accused of Rape with a finding that the victim was less than 10 years of age.  Do you understand what you've been accused of?

COOK:   Yes, sir.

COURT:   Do you understand the term conduct, sexual conduct?  There's two terms, sexual conduct and sexual contact.  Do you understand the difference between the two?  Has that been explained to him?

{¶18} Here, Appellant's counsel requested time to speak to Appellant.

When the trial court and the parties went back on the record, the court continued:

> COURT:     So, do you feel you understand after your
>            consultation with your attorney the difference
>            between contact and conduct?
>
> COOK:      I do.
>
> COURT:     And do you understand that this particular charge
>            involves conduct?
>
> COOK:      Conduct.
>
> COURT:     Do you have any questions about what you've been
>            accused of or the nature of the offense or the
>            findings in Count Two?
>
> COOK:      No, sir.

{¶19} The trial court proceeded to an explanation of maximum penalties and

Appellant's constitutional rights. When the trial court prepared to go through the

facts of Count Two, the court cautioned that if Appellant needed further time to

discuss with his attorney before entering his plea, he would be given that.

Appellant then asked for a few minutes of privacy. The transcript indicates he was

given that privacy, with no time constraints. The trial court inquired as to whether

Appellant needed to discuss anything else before making his ultimate decision on

the plea. Appellant replied "No, sir. We have cleared the air a little bit." The trial

court continued:

COURT:     Do you feel that, so you received satisfactory responses to your concerns?

COOK:      Yes, sir.

COURT:     Very well, Mr. Cook, as you are aware, you and I have discussed many things today in court. Is there anything, sir, that you personally, the personally did not fully and completely understand?

COOK:      No, sir. I'm having trouble comprehending a lot though, but I, at this point, I don't know what, to the best of my knowledge, I'm trying to comprehend what all has been spoken of today.

COURT:      Did you understand everything that we discussed as we discussed it?

COOK:      Through best of my abilities, sir? Yeah.

COURT:     Okay. Is there anything that you're declaring that you don't understand?

COOK:      No, sir.

{¶20} Once again, the trial court asked Appellant if he understood what he was accused of. Cook replied affirmatively. The trial court began reading through Count Two. Appellant entered his guilty plea. When questioned by the trial court about the underlying facts, Appellant described the incident as follows: "I wound up putting my mouth upon his penis to get him to calm down, which he did. But, uh, if that's considered rape, then I'm guilty." The trial court thereafter accepted Cook's guilty plea.

{¶21} The record also contains a form captioned "Plea of Guilty." This document sets forth Appellant's affirmation by his signature and initials that he understood the nature of the charges, maximum penalties, and constitutional rights. The trial court discussed this form with Appellant as follows:

COURT:    Mr. Cook. It appears that you've now signed the written plea of guilty , um to count two and the finding therein. Uh, is that correct?

COOK:     Yes, sir.

COURT:    Did you understand the documentation of your plea and the effects of your plea before you executed your signature?

COOK:     Yes, sir.

{¶22} Based upon the totality of the circumstances, we find Appellant understood the nature of Count Two, rape, to which he pled. While the court need only have substantially complied with Crim.R. 11(C), we find the court fully complied with Crim.R. 11(C)(2) and ensured that Appellant had a full understanding of the nature of the charge contained in Count Two, rape.

{¶23} However, under this assignment of error, Appellant has also argued that his guilty plea was not entered knowingly, intelligently, and voluntarily because he did not admit to committing rape during the plea colloquy. Appellant contends that the State of Ohio had to prove that Appellant engaged in fellatio in order to support Count Two, rape. While admitting to the act of putting his mouth

over W.B.'s penis, he asserts that this act did not constitute a violation of R.C. 2907.01(A)(1)(b) because the victim was not sexually satisfied and therefore his act did not meet the elements of fellatio.  Appellant points out that after he made the brief admission, neither the prosecuting attorney nor trial court intervened to ask for further details.  Appellant concludes that the conduct he admitted to does not constitute rape, and he requests that his plea be vacated and the matter remanded to the trial court.

{¶24} Appellant seems to be making a somewhat confusing but related and separate argument that the essential elements of the rape count were not met to support his conviction.  As we explained recently in *State v. Sheets*, 2023-Ohio-2592, ¶ 13 (4th Dist.), "Substantial compliance with Crim.R. 11(C)(2) does not necessarily require a detailed recitation of the elements of a charge by the court." *See also State v. Cassell,* 2017-Ohio-769, ¶33.  We are mindful that "a guilty plea waives all appealable errors except for a challenge as to whether the defendant made a knowing, intelligent and voluntary acceptance of the plea." *State v. Neu*, 2013-Ohio-616,¶13 (4th Dist.)( citation omitted); *State v. Spates*, 64 Ohio St.3d 269, 272-273 (1992).  Having already determined that Appellant's plea was knowing, intelligent and voluntary, we could decline to analyze this argument which  easily constitutes a separate assignment of error which, according to the appellate rules, must be separately argued.  *See*, App.R. 12(A)(2).  Nevertheless, in

the interests of justice, we will address it. *See State v. Guice,* 2024-Ohio-1914, ¶ 79 (4th Dist.).

{¶ 25} Under R.C. 2907.01(A), "sexual conduct" includes "fellatio," which is not defined in the statute. Appellant directs us to *In re M.D.*, 38 Ohio St.3d 149, 152, (1998) for the proposition that fellatio is "the practice of obtaining sexual satisfaction by oral stimulation of the penis." Appellant argues that no evidence was presented that the victim obtained sexual satisfaction from his act of placing his mouth on the victim's penis.

{¶26} *In re M.D.* involved a 12-year-old girl who had been prosecuted for complicity to commit rape for instructing a 5-year-old boy to put his penis in the mouth of a 5-year-old girl. Applying the foregoing definition which required sexual satisfaction and oral stimulation, the Supreme Court of Ohio disallowed the prosecution of the 12-year-old girl, finding that it was unlikely that either 5-year-old child involved could have been physiologically or emotionally capable of sexual satisfaction or of oral stimulation. The Court explained, "[f]ellatio did not occur here, thus no rape was committed to which appellant could be an accessory." *Id*. at 152, 527 N.E.2d 286. The Court in *In re M.D.* used the "sexual satisfaction" definition of fellatio to find that 5-year-old children could not be physiologically or emotionally capable of sexual satisfaction or oral stimulation. *See State v. Carson*, 2016-Ohio-1126, ¶ 17 (8th Dist.). The Court included "satisfaction" in the

definition for public policy reasons based on the unique facts and circumstances of that case. *Carson, supra*.

{¶27} Appellant's argument does not prevail. In *State v. Irvin,* 2009-Ohio-4181, judgment reversed on other grounds pursuant to *In re Cases Held for Decision in State v. Williams, 2011*-Ohio-5348, this court discussed a very similar argument and wrote:

> Appellant's argument is predicated upon the theory that, for all rape convictions, evidence of penetration is required. He states R.C. 2907.01(A) is unclear as to whether penetration applies only to vaginal and anal intercourse and, accordingly, the ambiguity requires that the statute be read as requiring penetration in all instances, including instances involving fellatio. This court has previously and expressly rejected the argument. In *State v. Turvey,* 84 Ohio App.3d 724 (4th Dist. 1992) we found there was "no merit to appellant's contention that a rape conviction requires proof of penetration." *Id*. at 747, 618 N.E.2d 214. Other courts have found similarly.

We would further direct Appellant to similar decisions: *State v. Hiltabidel*, 1985 WL 10801 (9th Dist.) (State not required to prove penetration in order to prove fellatio as fellatio is committed by touching the male sex organ with any part of the mouth); *State v. Long*, 64 Ohio App.3d 615, 618 (9th Dist. 1989); *State v. Clark,* 206 Ohio App.3d 426, 429, (3d Dist. 1995) (No requirement of penetration to commit fellatio); *State v. Boyer,* 2006-Ohio-6992, ¶ 25 (10th Dist.) (Penetration of a victim's mouth is not a required element of fellatio rape); *State v. Nelson,* 2010-Ohio-5932, ¶ 39 (11th Dist.) (Fellatio has been defined as "a sexual act in which

the mouth or lips come in contact with the penis); *State v. Remy*, 2018-Ohio-2857, ¶ 156 (2d Dist.) (State not required to prove penetration with respect to count which alleged penetration)  Based on the broadly accepted definition of fellatio within multiple appellate districts, Appellant's action as he described it constitutes fellatio and supports the essential element of sexual conduct.

{¶28} As noted above, the court asked if Cook had any questions about what he had been accused or the nature of the offense or the findings in Count Two, Cook replied, "No, sir."  And as previously set forth, Appellant stated:  "If that's considered rape, then I'm guilty."  Consequently, Appellant's second argument that he did not knowingly, intelligently, and voluntarily enter his plea is without merit.

{¶29} Based on the foregoing, we find the trial court substantially complied with Crim.R. 11's constitutional and procedural safeguards while providing Cook with a full understanding of the nature of the rape count to which he pled.  We further find Appellant' plea was knowingly, intelligently and voluntarily entered.  As such, we find no merit to Cook's first assignment of error, and it is hereby overruled.

## B. **ASSIGNMENT OF ERROR TWO**

{¶30} Within Appellant's second assignment of error, he contends that the trial court imposed a sentence contrary to law.

### 1. **Standard of Review of Felony Sentence**

{¶31}  R.C. 2953.08 governs appeals based on felony sentencing guidelines.

*State v. Nolan,* 2024-Ohio-1245, ¶ 14 (4th Dist.).  R.C. 2953.08(G)(2) states:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

"Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."  *Cross v. Ledford*, 161 Ohio St. 469, paragraph three of the syllabus, (1954).

{¶32} This Court has explained as follows regarding the felony sentencing review:

> " '[R.C. 2953.08(G)(2)] does not say that the trial judge must have clear and convincing evidence to support its findings.  Instead, it is the court of appeals that must

> clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.' "

*State v. Spangler*, 2023-Ohio-2003, ¶ 17, (4th Dist.), quoting *State v. Pierce*, 2018-Ohio-4458, ¶ 8, in turn quoting *State v. Venes*, 8th Dist. Cuyahoga, 2013-Ohio-1891, ¶ 20-21 (8th Dist.).

## 2. **Legal Analysis**

{¶33} Appellant first argues that the trial court failed to consider both the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12 when imposing the sentence of life without the possibility of parole. Appellant contends that while the trial court referenced the sentencing factors prior to imposing sentence, the trial court did not consider these principles but only recited the necessary statutory language. Specifically, Appellant points out that he is 68 years of age with no prior criminal history. He also emphasizes that he entered a plea of guilty to prevent the victim from having to testify, and that he sincerely apologized. Based on the foregoing, Appellant submits that he has demonstrated genuine remorse. Appellant also contends that the conduct underlying his crime was not the worst form of the offense.

{¶34} R.C. 2929.11 states:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public

from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

* * *

{¶42} R.C. 2929.12(A) states:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in [divisions (B) through (F)] of this section * * * and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

R.C. 2929.12(B) through (F) then set out factors for the court to consider relating to the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States, if any. *See Nolan, supra,* at ¶ 42.

{¶35} "Because both R.C. 2929.11 and R.C. 2929.12 require the trial court to consider the factors outlined in those two statutory provisions, * * * a trial court's failure to consider the factors would render the sentence * * * 'contrary to law.'" *State v. Poole,* 2022-Ohio-2391, ¶ 17 (4th Dist.).  However, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20.  *See also State v. Stewart*, 2024-Ohio-1640, ¶ 47 (4th Dist.).  " '[I]n the absence of an affirmative demonstration by the defendant to the contrary, we may presume that the trial court considered [these statutes].'" *State v. Smith,* 2020-Ohio-5316, 162 N.E.3d 898, ¶ 52 (4th Dist.), quoting *State v. Chandler,* 2020-Ohio-164, ¶ 8 (1st Dist.).  *See Stewart, supra.*

{¶36} Upon review, we do not clearly and convincingly find that Appellant's sentence is contrary to law because at the sentencing hearing and in the sentencing entry, the trial court stated that it considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12.  Appellant was convicted of rape, R.C. 2907.02(A)(1)(b), which according to R.C. 2907.02(B) is subject to a term of life imprisonment without the possibility of parole.  The trial court's sentence was therefore within the statutory range.  The trial court complied with R.C. 2929.11, R.C. 2929.12, and R.C. 2953.08(G)(2) at both the sentencing hearing and within the sentencing entry.

{¶37} Furthermore, "R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." *Nolan,* at ¶ 44, *State v. Bryant,* 2022-Ohio-1878, ¶ 21, citing *Jones* at ¶ 41-42. "R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Id.* at ¶ 22, citing *Jones* at ¶ 31, 39. If we were to infer a sentence was contrary to law and vacate it merely because we did not believe the sentencing factors supported it, we would in effect be vacating a sentence based on our view that it is not supported by the record under R.C. 2929.11 and 2929.12. Therefore, we do not clearly and convincingly find that Appellant's sentence is contrary to law and Appellant's first argument is without merit.

{¶38} Nevertheless, Appellant also points to the evidence that he had prior military service in the United States Army from 1972 and 1973 and that he was honorably discharged. According to R.C. 2929.12(F), "the sentencing court shall consider the offender's military service record and whether the offender has an emotional, mental, or physical condition that is traceable to the offender's service in the armed forces of the United States and that was a contributing factor in the offender's commission of the offense or offenses." Appellant's sentencing hearing

transcript indicates that the trial court was reading from the presentence hearing report and stated, "he was in the Army from 1972 to 1973 where he received an honorable discharge." Appellant characterizes the trial court's recognition of his military services as a "passing consideration" which does not satisfy the requirement mandated by RC. 2929.12(F), and that nothing in the record demonstrates that the trial court took his military service and its potential impact on the commission of the offense into account.

{¶39} However, we are not persuaded that the trial court failed to take into account Appellant's military background when imposing sentence. While the court did not explicitly mention R.C. 2929.12(F), again, the court broadly stated at the sentencing hearing and in the sentencing entry that it had "considered R.C. 2929.12." The statute does not require a particular outcome or that the trial court do anything other than consider the defendant's military service record and any contributing factors to the offense that can be traced back to such service. *State v. Aburas*, 2018-Ohio-1984, ¶13 (12th Dist.), citing *State v. Mitchell,* 2015-Ohio-1132, ¶ 22 (Simply because the trial court did not enumerate R.C. 2929.12(F) on the record does not also mean the trial court did not consider appellant's service). *See also State v. Stewart*, 2024-Ohio-1640 at ¶ 48 (4th Dist.) (The statute does not put the burden on the court to solicit information as to whether the offender has such a condition). Contrary to what Appellant suggests, R.C. 2929.12(F) requires

only that the court consider an offender's military service record and whether the offender has a condition traceable to the service which contributed to the offenses. The trial court need not inquire as to whether he suffered from a condition traceable to his military service that contributed to him raping the victim here. Appellant's second argument is without merit.

{¶40} Based on the foregoing, we do not clearly and convincingly find that Appellant's sentence is contrary to law. Therefore, Appellant's second assignment of error is also without merit and is hereby overruled.

{¶41} Having found no merit to either of Appellant's assignment of error, the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

# **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J., and Wilkin, J., concur in Judgment and Opinion.

For the Court,

_____
Jason P. Smith
Presiding Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**