[Cite as *State v. Scarberry*, 2024-Ohio-5608.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY


STATE OF OHIO,                                          :

                                   Plaintiff-Appellee,  :    Case
                                   No.  24CA13

v.                                                      :

BILLY SCARBERRY,                                        :    DECISION AND
                                   JUDGMENT ENTRY

                                   Defendant-Appellant. :

_____

APPEARANCES:

Chris Brigdon, Thornville, Ohio, for appellant.[1]

Judy C. Wolford, Pickaway County Prosecuting Attorney, and
Heather MJ Carter, Pickaway County Assistant Prosecuting
Attorney, Circleville, Ohio, for appellee.

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:11-21-24
ABELE, J.

{¶1}  This is an appeal from a Pickaway County Common Pleas

Court sentence.  Billy Scarberry, defendant below and appellant

herein, raises the following assignment of error for review:

        "SHOULD THIS COURT REVERSE THE TRIAL COURT'S
        DECISION TO IMPOSE A 12-MONTH SENTENCE
        BECAUSE THE SENTENCE WAS IN CONTRAVENTION OF
        THE SENTENCING STATUTES R.C. 2929.11 AND
        R.C. 2929.12?"

_____

        [1]Different counsel represented appellant during the trial
court proceedings.

{¶2} On January 27, 2023, after law enforcement stopped appellant's vehicle for speeding, a license check revealed that appellant did not possess a valid operator's license.  A pat-down search resulted in the discovery of marijuana in appellant's pants pocket and an ensuing vehicle search resulted in discovery of 8.44 grams of methamphetamine.

{¶3} On May 4, 2023, a Pickaway County Grand Jury returned an indictment that charged appellant with Aggravated Possession of Drugs in violation of R.C. 2925.11(A)/(C)(1)(b), a third-degree felony.  On April 17, 2024 appellant entered a guilty plea to the charge and the trial court ordered a presentence investigation.

{¶4} On May 15, 2024, the trial court conducted a sentencing hearing and appellee recommended appellant serve 12 months in prison.  Appellee pointed to appellant's lengthy criminal record and the fact that at the time of appellant's arrest he had posted bond in another county for a different criminal charge.

{¶5} Appellant, however, requested the trial court impose a community control sanction.  Appellant's counsel stated that, since his January 2023 arrest, appellant served a prison

sentence for a different offense from a different jurisdiction, has accepted responsibility for his misdeeds, completed prison programs, obtained housing, applied for disability benefits and currently has prostate cancer and is undergoing treatment.

{¶6} Appellant took advantage of his right to allocution and indicated to the court that, during his most recent prison sentence, he came to recognize that his "record is like a menace to society," that he reflected upon his 20 grandchildren and 4 great-grandchildren and that he needs to do something productive with his time.

{¶7} After the trial court reviewed pertinent information and heard recommendations from counsel, the trial court sentenced appellant to serve 12 months in prison. The court cited appellant's "terrible" lengthy criminal record, his current age at 57, and his "total disregard for the law." This appeal followed.

{¶8} In his assignment of error, appellant asserts that his 12-month prison sentence is unwarranted and excessive. Appellant argues that he exhibited genuine remorse, acknowledged past mistakes, expressed his desire to make changes, highlighted his current commitment to self-improvement and spoke about his current health situation. In particular, appellant contends that the trial court did not consider the sentencing factors set

forth in R.C. 2929.11 and R.C. 2929.12.


{¶9} Appellee, on the other hand, argues that the trial court did, in fact, consider the proportionality principles in R.C. 2929.11 and sentencing factors in R.C. 2929.12. Appellee points out that appellant's offense could have resulted in a 36-month prison sentence and that appellant's sentence falls within the applicable statutory range.

{¶10} R.C. 2953.08 governs appeals based on felony sentencing guidelines. Division (G)(2) provides:

> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

R.C. 2929.11 provides:

> (A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender

using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

* * *

R.C. 2929.12(A) provides:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

In *State v. Stewart*, 2024-Ohio-1640 (4th Dist.), we wrote at

¶ 47:

"Because both R.C. 2929.11 and R.C. 2929.12 require the trial court to consider the factors outlined in those two statutory provisions, * * * a trial court's failure to consider the factors would render the sentence * * * 'contrary to law.' "  State v. Poole, 4th Dist. Adams No. 21CA1151, 2022-Ohio-2391, ¶ 17. However, "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record."
Jones, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, at ¶ 20.  " '[I]n the absence of an affirmative demonstration by the defendant to the contrary, we may presume that the trial court considered [these statutes].' "   State v. Smith, 2020-Ohio-5316, 162 N.E.3d 898, ¶ 52 (4th Dist.), quoting State v. Chandler, 1st Dist. Hamilton No. C-190153, 2020-Ohio-164, ¶ 8."

{¶11} After our review in the case sub judice, we do not clearly and convincingly conclude that Stewart's sentence is contrary to law because as appellant maintains, the trial court failed to consider the factors set forth in R.C. 2929.11 and R.C. 2929.12.  Here, the court's sentencing entry indicates that it "considered the criteria set forth in ORC Sections R.C. 2929.11 and R.C. 2929.12 concerning the imposition of sentence," thus the purposes and principles of sentencing and the seriousness and recidivism factors.  The court also discussed several factors, including the nature and seriousness of the offense, the facts and circumstances that surrounded the offense, appellant's disregard for the law and appellant's very lengthy criminal record.  Courts are not, however, required to

provide a full recitation of every possible sentencing factor.

{¶12} Furthermore, we disagree with appellant's suggestion that his sentence is contrary to law because it is not supported under R.C. 2929.11 and 2929.12.  Once again, "R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that 'the record does not support the sentencing court's findings under' certain specified statutory provisions."  Jones at ¶ 28.  "But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a)."  Id. Moreover, "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)."  Id. at ¶ 34. Consequently, "R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11."  Bryant, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, at ¶ 21, citing Jones at ¶ 41-42.  Thus, R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.  Id. at ¶ 22.

{¶13} At this juncture we pause to recognize that appellant maintains that, in spite of his lengthy record and advanced age, he has now seen the error of his ways and intends to make changes for his benefit and the benefit of his family.  In fact, it does appear that appellant has decided to engage in pursuits to improve his standing in society.  We hope this is truly the case and encourage appellant to continue his efforts on this path.

{¶14} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

JUDGMENT ENTRY

It is ordered that the judgment be affirmed.  Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele, Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal

commences from the date of filing with the clerk.